UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRANCE GLENN CHAVERST, <br><br> Plaintiff, <br><br> v. <br><br> WELL PATH MEDICAL, *et al.*, <br><br> Defendants. | Case No. 23-cv-11513 <br> Honorable Shalina D. Kumar <br> Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS WELLPATH, JANOWIECKI, AND LAWSON'S MOTIONS TO DISMISS (ECF NOS. 12, 19) AND TO SUA SPONTE DISMISS THE CLAIMS AGAINST DEFENDANT HARVEY**

## I.    Introduction

Plaintiff Terrance Glenn Chaverst, a prisoner of the Michigan Department of Corrections (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983, alleging that Defendants Wellpath LLC, Victoria Janowiecki, Lisa Harvey, and Laura Lawson were deliberately indifferent to his medical needs in violation of the Eighth Amendment.  ECF No. 1. Chaverst claims that defendants failed adequately to treat his ingrown toenails.  *Id.*, PageID.5-9.  The Honorable Shalina D. Kumar referred the

case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).
ECF No. 16.

Wellpath, Janowiecki, and Lawson move to dismiss for failure to state
a claim.  ECF No. 12; ECF No. 19.  The Court **RECOMMENDS** that the
motions be **GRANTED** and that the Court sua sponte **DISMISS** the claims
against Harvey.

## II.    Analysis

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)
tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a
complaint must contain sufficient factual matter, accepted as true, to 'state
a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.
662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
(2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when
the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct
alleged."  *Id.*  The complaint's allegations "must do more than create
speculation or suspicion of a legally cognizable cause of action; they must
show *entitlement* to relief."  *League of United Latin Am. Citizens v.
Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

2

In deciding whether a plaintiff has set forth a plausible claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Id.*  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

Although the plausibility of a complaint is usually assessed on the face of the complaint, a court may also consider "any exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  And "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to

3

dismiss into one for summary judgment."  *Com. Money Ctr., Inc. v. Ill.*
*Union Ins. Co.*, 508 F.3d 327, 335-36 (6th Cir. 2007).

Thus, the Court has considered the relevant medical records
attached to Chaverst's complaint.  *See* ECF No. 1, PageID.30-51.  Those
records show that Chaverst's factual claims lack plausibility.

**B.**

The Eighth Amendment protects against the infliction of "cruel and
unusual punishments."  U.S. Const. amend. VIII; *Estelle v. Gamble*, 429
U.S. 97, 101 (1976).  Because the government must provide medical care
for those it has incarcerated, "[d]eliberate indifference to serious medical
needs of prisoners constitutes the unnecessary and wanton infliction of
pain," and thus violates the Eighth Amendment.  *Estelle*, 429 U.S. at 103-
04.  But a plaintiff must show more than a mere failure to provide adequate
medical care to prove a constitutional violation.  *Rhinehart v. Scutt*, 894
F.3d 721, 737 (6th Cir. 2018).  "[A] constitutional violation arises only when
[a prison official] exhibits deliberate indifference to a prisoner's serious
illness or injury that can be characterized as obduracy and wantonness
rather than inadvertence or" good-faith error.  *Id.* (cleaned up).

To prevail on a deliberate indifference claim, an inmate must satisfy
both an objective and subjective component.  *Farmer v. Brennan*, 511 U.S.

4

825, 834 (1994).  For the objective component, Chaverst must show that defendants' acts or omissions deprived him of "the minimal civilized measure of life's necessities" and posed "a substantial risk of serious harm."  *Id.*  The subjective component requires proof that the prison official acted with deliberate indifference, meaning that the official knew of but disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Mingus v. Butler*, 591 F.3d 474, 480 (6th Cir. 2010).

Chaverst's pleadings do not satisfy the objective component.  An ingrown toenail is not a sufficiently serious medical need supporting a constitutional claim.  *Langford v. Prima*, No. 17-cv-11862, 2018 WL 659247, at *4 (E.D. Mich. Feb. 1, 2018) (collecting cases); *Patterson v. Kim*, No. 1:08-CV-873, 2009 WL 2982753, at *8 (W.D. Mich. Sept. 14, 2009).[1]

---

[1] The cases Chaverst cites in his responses do not concern whether an alleged failure to treat ingrown toenails can give rise to a deliberate indifference claim.  *See* ECF No. 23 (citing *Hope v. Pelzer*, 536 U.S. 730 (2002); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Grubbs v. Bradley*, 552 F. Supp. 1052 (M.D. Tenn. 1982)); ECF No. 28 (citing *Hope*, 536 U.S. 730; *Farmer*, 511 U.S. 825).

Nor has Chaverst pleaded facts supporting the subjective component. The medical records conflict with Chaverst's allegations and show that he received treatment for his ingrown toenails. Nurse Janowiecki could not trim Chaverst's toenails, so she gave him Tylenol for pain and requested approval for a podiatry consult. ECF No. 1, PageID.35-36. An administrative note stated that Chaverst would be scheduled for another appointment with an MDOC medical provider to attempt to trim his nails. *Id.*, PageID.37. At a follow-up appointment, Chaverst refused to allow the nurse to trim his nails and demanded to see a podiatrist. *Id.*, PageID.38. Chaverst sent kites demanding to see a podiatrist, and prison staff responded that he had to see another MDOC provider first. *Id.*, PageID.42-51.

"Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (cleaned up). So "the fact that a prisoner disagrees with a course of treatment that was prescribed, or even that the treatment he did receive was negligently administered, does not rise to a constitutional violation." *Jennings v. Al-Dabagh*, 275 F. Supp. 2d 863, 870

6

(E.D. Mich. 2003). Chaverst was given medical treatment, just not the type he preferred. His claim amounts to a mere disagreement with the proper course of treatment. *See Patterson*, 2009 WL 2982753, at *9 ("Plaintiff disagreed with the manner in which Dr. Kim treated his toe and the decision not to refer him to a surgeon to trim his nails. However, a prisoner's disagreement with a course of medical treatment does not state a federal constitutional claim."); *Campbell v. Engelsjerd*, No. 2:07-CV-77, 2008 WL 4394673, at *7 (W.D. Mich. Sept. 24, 2008) (dismissing the plaintiff's Eighth Amendment claim when he was seen by MDOC providers for ingrown toenails but not by an outside doctor).

Thus, Chaverst's deliberate indifference claim should be dismissed not only as to Janowiecki and Lawson but also as to Harvey.

## C.

Chaverst also sues Wellpath. "The requirements for a valid § 1983 claim against a municipality apply equally to private corporations [such as Wellpath] that are deemed state actors for purposes of § 1983." *Vorus v. Corizon Health Care*, No. 2:22-cv-128, 2022 WL 2951531, at *3 (W.D. Mich. July 27, 2022) (citing *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001)). Municipalities are not vicariously liable for the acts of their employees and may be sued "only when a policy or custom of

7

that [municipality] caused the injury in question." *Id.* (cleaned up).
Chaverst has identified no allegedly unconstitutional policy or custom and instead impermissibly seeks to hold Wellpath liable for the acts of its employees.

And as discussed above, Chaverst has failed to state a plausible claim that the individual defendants violated his constitutional rights.  There can be no municipal liability without an underlying constitutional violation. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014); *Boulding v. Sudhir*, No. 15-12706, 2016 WL 8671208, at *4 (E.D. Mich. July 29, 2016), *adopted*, 2016 WL 5430189 (E.D. Mich. Sept. 29, 2016).  The claim against Wellpath should also be dismissed.

### III.    Conclusion

The Court **RECOMMENDS** that Wellpath, Janowiecki, and Lawson's motions be **GRANTED** (ECF No. 12; ECF No. 19) and that the Court sua sponte **DISMISS** the claims against Harvey.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: November 17, 2023

8

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991).  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

9

## **CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 17, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager