UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRANCE GLENN CHAVERST,<br><br>        Plaintiff,<br><br>v.<br><br>WELL PATH MEDICAL et al.,<br>        Defendants. | Case No. 23-11513<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 30),
ADOPTING REPORT AND RECOMMENDATION (ECF NO. 29),
GRANTING DEFENDANTS' MOTIONS TO DISMISS (ECF NOS. 12, 19),
AND SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT
(ECF NO. 1)**

I. Introduction

  Pro se plaintiff Terrance Glenn Chaverst, a prisoner in the custody of the Michigan Department of Corrections (MDOC), filed this complaint under 42 U.S.C. § 1983, alleging defendants Wellpath LLC, Victoria Janowiecki, Lisa Harvey, and Laura Lawson were deliberately indifferent to his medical needs in violation of the Eighth Amendment when they failed to adequately treat his ingrown toenails. ECF No. 1. This case was referred to the magistrate judge for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 16.

Defendants Wellpath, Janowiecki, and Lawson moved to dismissed. ECF No. 12, 19. On November 17, 2023, the magistrate judge issued a Report and Recommendation ("R&R") recommending the Court grant defendants' motions and dismiss Chaverst's complaint.[1] ECF No. 29. On December 19, 2023, Chaverst filed an objection. ECF No. 30.

## II.   Analysis

As noted in the R&R, "the parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided in the Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d)." ECF No. 29, PageID.200. "A failure to file timely objections not only waives the right to de novo review of a Magistrate Judge's Report and Recommendation but dispenses with the need for the district court to conduct any review." *Jones v. Warden, Ross Corr. Inst.*, 2013 WL 6230365, at *2, (S.D. Ohio Dec. 2, 2023) (citations omitted).  Chaverst failed to file timely objections to the R&R, but even if the Court were to accept his late objection, the Court would overrule it.

---

[1] Defendant Harvey did not file a motion to dismiss, but the R&R recommends sua sponte dismissal of the complaint against her. *See* ECF No. 29, PageID.199.

A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Absent "compelling reasons," arguments, or issues that were not presented to the magistrate may not be presented in objections to the R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.

*Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (internal citations, quotations, and marks omitted).

Chaverst's objection fails to challenge a specific conclusion of the R&R and thus would be overruled even if it had been timely filed.

### III. Conclusion

The Court **ADOPTS** the magistrate judge's R&R. ECF No. 29. Defendants' motions to dismiss (ECF No. 12, 19) are **GRANTED**, and the case is **DISMISSED.**

Dated: March 27, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge